## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

------------------------------------------------------------------- x
:
ZVI SHTAUBER, :
6 Levitan Street :
Tel Aviv, Israel 169260 :  Case No. _____
                    Plaintiff, :
:
           v.    :  **COMPLAINT**
:
ALLAN GERSON, :
2131 S Street, NW :
Washington, DC 20008 :
                    Defendant. :
------------------------------------------------------------------- x

Plaintiff Zvi Shtauber ("Shtauber") by and through his attorney, Gary Greenberg, Esq. as his Complaint against Defendant Allan Gerson ("Gerson"), alleges as follows:

**The Parties**

1. Plaintiff Shtauber is an individual residing at 6, Levitan Street, Tel Aviv, Israel. Shtauber is neither a permanent resident of the United States nor domiciled in any State of the United States.

2. Upon information and belief, Defendant Gerson is a domiciliary, resident and citizen of the District of Columbia.

**Jurisdiction & Venue**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000.

4. Venue is proper in this district under 28 U.S.C. § 1391 because Defendant resides in this district.

1

# Statement of Facts

### Claims Against the Arab Bank and Others

5. Gerson is a well-known D.C. lawyer who, *inter alia*, initiated the first civil suit against a foreign state (Libya) on behalf of families of the Lockerbie victims. In 2004, Gerson explored the prosecution of claims against the Arab Bank and other financial institutions on behalf of victims of genocide and terrorism in Israel and in territories administered by the Palestinian Authority (the "Territories").

6. For critical assistance in this effort, Gerson turned to Plaintiff Shtauber, who was and is a well-respected and well-known member of the Israeli community. Dr. Shtauber is the former Director of the Institute for National Security Studies (INSS), following a twenty-five year career in the Israel Defense Forces ("IDF"), from which he retired with the rank of Brigadier General after serving as the head of the IDF Strategic Planning Division. From 1996-1999, Dr. Shtauber served as Vice President of Ben-Gurion University of the Negev. From 1999-2000, Dr. Shtauber was the Foreign Policy Advisor to Prime Minister Barak. From 2001 to 2004, he served as the Israeli ambassador to the UK. Dr. Shtauber was also a member of the Israeli delegation in peace talks including negotiations with the Palestinians at Camp David.

**The April 21, 2005 Agreement**

7. Dr. Shtauber agreed to, and did render substantial assistance to Gerson in connection with Gerson's efforts to prosecute claims against the Arab Bank and other financial institutions on behalf of victims of genocide and terrorism in Israel and the Territories. Dr. Shtauber's assistance included, but was not limited to, securing the cooperation and participation of David Mena, an Israeli attorney who

represented many victims of genocide and terrorism with potential claims against the Arab Bank and other financial institutions.

8. On or about April 21, 2005, the Parties entered into an agreement, attached as Exhibit A and incorporated by reference herein (the "Agreement"). Pursuant to the Agreement, Dr. Shtauber agreed to provide consulting services to Gerson in connection with claims against the Arab Bank and others for injuries or death caused by terrorism in Israel and the Territories (the "Claims;" the persons bringing said claims were the "Claimants").

9. The Agreement provided that Gerson and Joel Wolosky (the "Gerson Group") had entered into a November, 2004 joint counsel agreement with the Motley Rice firm to prosecute the Claims.

10. Dr. Shtauber had already provided substantial assistance to the Gerson Group, as specifically acknowledged in the Agreement:

> It is hereby acknowledged that Dr. Shtauber has already provided to the Gerson Group certain services of substantial value related herein which significantly contributed to the enhancement of the legal proceedings contemplated hereunder….

11. In light of the substantial services that had already been provided by Dr. Shtauber, his future role was circumscribed in the Agreement as follows:

> Dr. Shtauber's primary responsibility in the future shall be to use his reasonable best efforts to provide the Gerson Group with certain consultative work with regard to investigative/political/public affairs aspects as reasonably requested after consultation and prior coordination with Dr. Shtauber. In a similar way and when requested by Gerson, Dr. Shtauber will also assist in liaising with David Mena ("Mena") with respect to the performance of his co-counsel duties.

12. The Agreement provided that Dr. Shtauber was entitled to fees of 20% of any and all contingent legal fees paid to the Gerson Group relating to Claims referred by Mena and accepted by the Gerson Group, payment due within five days

of receipt by the Gerson Group or the authorization to effect such payment.

13. In the Agreement, Gerson represented on his behalf and on behalf of the Gerson Group that they would make a good faith effort to promptly collect all legal fees, but that any deduction made by them for expenses would have no effect on the amount due Dr. Shtauber.

14. The Agreement provided that once Mena referred Claimants to the Gerson Group and those Claimants were included by the Gerson Group or the Motley Rice firm in the Actions, Dr. Shtauber's right to receive his fee became vested, without any dilution or set-off or deduction whatsoever unless otherwise specifically provided in the Agreement.

15. The Agreement further provided that Gerson was to provide monthly status reports to Dr. Shtauber, advise him of the receipt of any fees, and reply promptly to any of Dr. Shtauber's inquiries. Dr. Shtauber was also given the right to audit the accuracy of any reports and calculations.

16. The Agreement provided that Dr. Shtauber was not required to incur any expenses in the performance of his obligations under the Agreement.

**Defendant Gerson's Breaches of the Agreement.**

17. Gerson has breached the Agreement in at least the following respects:

18. Gerson has breached the Agreement by failing to pay the amounts due to Dr. Shtauber, despite Dr. Shtauber's due demand therefore.

19. Gerson has breached the Agreement by failing to provide the required status reports to Dr. Shtauber, to advise Dr. Shtauber of the receipt of any and all fees, and/or to reply promptly to Dr. Shtauber's inquiries.

20. Gerson has breached the Agreement because his other breaches of the Agreement have caused Dr. Shtauber to incur expenses in the form of attorneys' fees.

4

## CLAIMS FOR RELIEF

### Count I:
### Breach of Contract

21. Plaintiff repeats and realleges the allegations set forth in ¶¶1-20 as though fully set forth herein.

22. Defendant has breached the Agreement.

23. Dr. Shtauber has been damaged by Defendant's breach in an amount not less than $160,000 plus interest.

24. Dr. Shtauber performed his material obligations under the Agreement.

### COUNT II:
### *Quantum Meruit*

25. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1 through 24 of the Complaint as though fully set forth herein.

26. Dr. Shtauber performed services for Gerson in good faith.

27. Defendant accepted the services rendered by Dr. Shtauber.

28. Dr. Shtauber expected compensation for the services he rendered to the Defendant.

29. The reasonable value of the services provided to Defendant by Dr. Shtauber is $720,000.

30. Defendant is liable to Dr. Shtauber on a *Quantum Meruit* basis, in the amount of $720,000 plus interest.

## COUNT III:
## Declaratory Judgment pursuant to
## Declaratory Judgment Act, 28
## U.S.C. §2201

31. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-30 as though fully set forth herein.

32. Plaintiff alleges that the Agreement provided that he was entitled to fees of 20% of any and all contingent legal fees paid to the Gerson Group relating to Claims referred by Mena and accepted by the Gerson Group, payment due within five days of receipt by the Gerson Group or the authorization to effect such payment.

33. Upon information and belief, Defendant does not agree that Dr. Shtauber is entitled to the payments provided for in the Agreement.

34. There are payments already due to Dr. Shtauber pursuant to the terms of the Agreement, and these are sought in the breach of contract claim.  In addition, there are payments that will come due in the future pursuant to the terms of the Agreement.  In order that Dr. Shtauber is not required to return to Court each time a payment comes due, he seeks a declaratory judgment from this Court that the Agreement provides that Dr. Shtauber is entitled to fees of 20% of any and all contingent legal fees paid to the Gerson Group relating to Claims referred by Mena and accepted by the Gerson Group, payment due within five days of receipt by the Gerson Group or the authorization to effect such payment.

35. There is an actual controversy arising within this district and within this Court's jurisdiction such that this Court may declare rights and other legal relations between the parties with the force and effect of a final judgment.

36. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff seeks the following relief:

(a)   On the First Count of the Complaint, damages in the amount of no less than $150,000 plus costs and interest;

(b)   On the Second Count of the Complaint, damages in the amount of no less than $720,000 plus costs and interest.

(c)   An award of Attorney's Fees;

(d)   An accounting of all fees collected by Gerson, the Gerson Group or the Motley Rice firm that are subject to the terms of the Agreement and an order directing that all fees due be paid to Plaintiff;

(e)   A declaratory judgment that the Agreement provides that Dr. Shtauber is entitled to fees of 20% of any and all future contingent legal fees paid to the Gerson Group relating to Claims referred by Mena and accepted by the Gerson Group, payment due within five days of receipt by the Gerson Group or the authorization to effect such payment; and

(f)   Such further relief as this Court deems proper.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated:      Washington, D.C.
            May 20, 2016

*Gary Greenberg*
(GG-1614)
Attorney for Plaintiff
666 Fifth Avenue, 27th Floor
New York, New York 10103
(212) 765-5770


/s/ Meredith L. Kinner
Meredith L. Kinner
DC Bar No. 1024953
KINNER & MCGOWAN, PLLC
230 Rhode Island Ave., NE Suite 504
Washington, DC 20002
mkinner@kinnermcgowan.com
(202) 306-0210

*Local Counsel for Plaintiff*